J. F. STRATTON V. STATE OF NEBRASKA.

FILED SEPTEMBER 28, 1912. No. 17,568.

Peddlers: LICENSE. A Missouri corporation, which manufactured and produced ranges in that state, employed defendant to sell them from a wagon in this state. He worked for a salary and had no interest in the sale or in the horses and wagon which he used in the business. A statute imposes a tax upon peddlers, but expressly excepts "parties selling their own works or production. * * * either by themselves or employees." *Held*, That defendant is within the exception and is not liable to be taxed as a peddler under such statute.

ERROR to the district court for Cedar county: GUY·T. GRAVES, JUDGE. *Reversed.*

*J. C. Robinson,* for plaintiff in error.

*Grant G. Martin, Attorney General, Frank E. Edgerton* and *P. F. O'Gara,* contra.

LETTON, J.

Defendant was convicted of the offense of peddling without a license. From a judgment imposing a fine he appeals.

He was tried upon the following stipulation of facts:

"The Wrought Iron Range Company, a corporation of St. Louis, Missouri, is a corporation organized and existing under and by virtue of the laws of the state of Missouri, and having its principal place of business at the city of St. Louis, in said state of Missouri, and conducts and operates at said place a factory for the manufacturing of ranges, and is engaged in the business of manufacturing and producing ranges in said city of St. Louis, and said corporation has complied with the laws of the state of Nebraska, authorizing it to do business in said state, as required by the laws of the state of Nebraska.

"The defendant, J. F. Stratton, was on the 2d day of September, 1911, acting as salesman in the county of Cedar, state of Nebraska, for the said Wrought Iron Range Co., and had in his possession at said time a wagon and team belonging to said company; said wagon was drawn by two horses, and from this wagon he sold one range to W. A. Coop, and delivered it there and then in the original package to the said W. A. Coop, and caused to be executed and signed one promissory note, a copy of which is hereunto attached hereby referred to and marked 'Exhibit 1'; said sale and delivery was made in said county of Cedar, outside of any town or city, and without the said J. F. Stratton having first procured a license so to do.

"It is agreed that said defendant was an employee of said company and was working for a salary, and had no interest whatever in said note or sale. Said defendant's traveling expenses were paid by said company. It is also agreed that said company manufactured and produced each and every part of said range in their factory at St. Louis, the range being delivered just as it was finished by them and in the same package in which it was shipped from St. Louis, and that said range along with a car-load of the same kind of ranges was shipped to Randolph, Nebraska, to their order, and was never the property of any one else, until after the sale was consummated."

The statutory provision upon which the charge is based is as follows: "Peddlers plying their vocation outside of the limits of a city or town within any county in this state, shall pay for the use of said county an annual tax of twenty-five dollars; those with a vehicle drawn by one horse or selling by sample, fifty dollars; those with two or more horses, seventy-five dollars. Nothing in this section shall be held to apply to parties selling their own works or production, or books, charts, maps or other educational matter, either by themselves or employees, nor to persons selling at wholesale to merchants, nor to persons selling fresh meats, fruit, farm produce, trees, or plants exclusively." Comp. St. 1911, ch. 77, art. I, sec. 62.

The stipulation discloses that the defendant was an employee of the Wrought Iron Range Company, which manufactured the article sold.

The contention of the state is that the exemption in the statute covers only goods produced or manufactured by the peddler himself, and, unless the goods are produced by him, he must have a license. But the statute, by its express terms, does not "apply to parties selling their own works or production * * * either by themselves or employees." A number of decisions from other states have been cited by the attorney general, but no statute has been called to our attention as being in force in any

of these states which expressly excepts from the operation of the law both the producer and the employee who sells the article produced. The language of the statute is not ambiguous, and it cannot be extended to include persons not within its plain terms. The defendant has not violated the law.

The judgment of the district court is reversed and the defendant discharged.

REVERSED.